ÆTNA LIFE INS. CO. v. DUPARQUET, HUOT & MONEUSE CO.

(Supreme Court, Appellate Term. May 16, 1907.)

APPEAL—PRESUMPTIONS.

> Where, in an action by an insurer to recover premiums, judgment was rendered for defendant, on appeal by plaintiff, a copy of the policy admitted in evidence on behalf of plaintiff must be regarded as properly proven, irrespective of defendant's contention that no sufficient foundation was laid for the introduction of the copy.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3739.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Ætna Life Insurance Company against the Duparquet, Huot & Moneuse Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

See 103 N. Y. Supp. 800.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Winter & Winter, for appellant.

Hollander & Bernheimer, for respondent.

SEABURY, J. This action was brought to recover for premiums alleged to be due on two policies of liability insurance. By the terms of the policies the plaintiff agreed to indemnify the defendant for 12 months from February 1, 1903, to February 1, 1904, against loss from common-law or statutory liability for damages on account of injuries suffered within the period of these policies by any employé or employés of the assured while on duty within the defendant's factory, mentioned in the schedule annexed, or upon the ways immediately adjacent thereto, provided for the use of such employés or the public during the operation of the trade described in the said schedule. The policies further provided that:

"The premium is based on the compensation to employés to be expended by the assured during the period of this policy. If the compensation actually paid exceeds the sum stated in the schedule hereinafter given, the assured shall pay the additional premiums."

The rates upon which the premiums were to be computed upon policy No. E1,714 was 25 cents·for every $100 of the pay roll, and for policy No. P512 was 8·cents for every $100 of the pay roll. The plaintiff offered in evidence copies of the policies upon which the action was brought. The defendant now contends that a sufficient foundation was not laid for the introduction of these copies, and that they were not properly proven; but, as the court admitted them and rendered judgment for the defendant, they must for the purposes of this appeal be regarded ·as having been properly proven. It was conceded upon the record that the compensation paid to employés of the assured on the premises 43 and 45 Wooster street amounted to $90,766.27, and that the total compensation paid to the executive officers and office men amounted to $34,132.96. The premium computed upon this pay roll at the rates prescribed in the policies amounted to $315.83 on policy No. E1,714, and on policy No. P512 to $101.66, making a total of $416.88, upon which the defendant paid $226 leaving a balance of $190.57.

The defendant claims that there can be no recovery of premiums upon the item of $34,132.96, as this sum represents the amount paid to executive ·officers and office men during the life of the policy. But this contention cannot prevail in this case, as the policies upon which the action is brought specifically provide that:

"The estimated pay roll covers the wages of all persons employed on the premises, including executive officers, office men, and piece workers (drivers and drivers' helpers excluded)."

Upon the conceded facts, under the terms of the policies, the plaintiff was entitled to a judgment in its favor.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.